IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CYNTHIA GEORGE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:23cv256 |
| | ) |
| NOEL LANE INVESTMENTS, LLC, | ) |
| NOEL LANE ENTERPRISES, LLC, | ) |
| NOEL LANE ENTERPRISES, LP, | ) |
| GREGORY E. WALDRON, DAVID | ) |
| V. WADRON and CHARLES J. | ) |
| WALDRON, | ) |
| | ) |
|   Defendants. | ) |

## ANSWER OF DEFENDANTS TO AMENDED COMPLAINT

Defendants, for their Answer to the Amended Complaint of Plaintiff Cynthia George, assert the following admissions, defenses, and denials:

1. Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint.

2. Defendants deny the allegations set forth, in Paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Amended Complaint.

6. Defendants admit that they conduct business in this District. Defendants deny the remaining allegations set forth in Paragraph 6 of the Amended Complaint.

7. Defendants admit that venue is proper in this District. Defendants deny the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendants are without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint and therefore deny the same.

9. Defendants deny the last two sentences set forth in Paragraph 9 of the Amended Complaint. Defendants admit the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations set forth in the first sentence of Paragraph 11 of the Amended Complaint. Defendants admit the remaining allegations set forth in Paragraph 11 of the Amended Complaint

12. Defendants admit the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendants deny that Charles Waldron's middle initial is "J". Waldron admits the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15. The statements contained in Paragraph 15 of the Amended Complaint are not allegations to which a response is required.

16. The statements contained in Paragraph 16 of the Amended Complaint are not allegations to which a response is required.

17. The statements contained in Paragraph 17 of the Amended Complaint are not allegations to which a response is required.

18. The statements contained in Paragraph 18 of the Amended Complaint are not allegations to which a response is required.

19. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendants deny that the Property consists of 177 units. Defendants admit the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendants admit the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendants incorporate their responses to Paragraphs 1-33 by reference.

35. Defendants admit the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Defendants admit the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40. Defendants deny any allegation not specifically admitted.

41. Defendants deny that Plaintiff is entitled to any relief from Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Amended Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

Plaintiff's claims are barred because Defendants have substantially complied with any and all federal, state, or local statutes, regulations, constitutional provisions, common laws, or public policies and have caused no damage or injury to Plaintiff.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is not disabled as defined by the FHA.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation or other periods of limitation.

### SIXTH DEFENSE

At all times relevant to this action, Defendants' actions were in good faith and Defendants had reasonable grounds for believing those actions were not in violation of any law.

### SEVENTH DEFENSE

An exemption under 42 U.S.C. § 3603(b) applies.

## EIGHTH DEFENSE

There is no causal connection between Defendants' action or inaction and any injury allegedly suffered by Plaintiff.

## NINTH DEFENSE

Any injury suffered by Plaintiff is conjectural and/or hypothetical. Plaintiff has not suffered a concrete particularized injury caused by Defendants and may not recover compensatory damages.

## TENTH DEFENSE

Plaintiff did not intend to reside at or make use of the goods or services of Defendants' location identified in the Amended Complaint and therefore lacks standing to bring these claims.

## ELEVENTH DEFENSE

Plaintiff lacks standing to challenge the alleged barriers to access in areas of the subject property that she did not visit prior to filing her Amended Complaint.

## TWELFTH DEFENSE

Plaintiff has not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

## THIRTEENTH DEFENSE

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendants' alleged violations of the FHA; as such, Plaintiff lacks standing to pursue her claims.

## FOURTEENTH DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially

impair Plaintiff's use of the physical property at issue for their intended purpose. Defendants assert that *de minimis* violations of federal regulations are not actionable or enjoinable.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate her damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide Defendants with adequate notice of the alleged deficiencies and failing to give Defendants any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to punitive damages as Defendants have not acted with the requisite intent.

## SEVENTEENTH DEFENSE

The Amended Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## EIGHTEENTH DEFENSE

Defendants are not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendants' services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under the Fair Housing Act and/or applicable state and local housing and/or accommodation laws.

## NINETEENTH DEFENSE

The removal of any barriers by Defendants is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

### TWENTIETH DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendants have undertaken.

### TWENTY-FIRST DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

### TWENTY-SECOND DEFENSE

Plaintiff may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies. Plaintiff's primary motive in filing this action may be the generation of attorneys' fees and expert witness payments.

### TWENTY-THIRD DEFENSE

Plaintiff is not entitled to recover attorneys' fees under the FHA to the extent Defendants have taken or will take appropriate measures to remedy the alleged barriers to access.

### TWENTY-FOURTH DEFENSE

Defendants are relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Amended Complaint to the extent said claims arise solely from acts or omissions for which Defendants are not responsible.

### TWENTY-FIFTH DEFENSE

Defendants are immune to liability for some or all of the alleged accessibility barriers asserted by Plaintiff in her Amended Complaint under applicable safe harbor provisions.

## TWENTY-SIXTH DEFENSE

Plaintiff failed to provide notice to Defendants of any alleged barriers to access in order to allow an opportunity to correct any such deficiencies and, therefore, Plaintiff cannot support a claim for recovery of costs or attorneys' fees.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## TWENTY-EIGTH DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred by Plaintiff's failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to state a date or dates on which she allegedly encountered barriers at the physical property at issue.

## TWENTY-NINTH DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent that Plaintiff's claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

Submitted this 1st day of August, 2023.

Respectfully submitted:

/s/ Jennifer S. Rusie
Jennifer S. Rusie, Esq.
JACKSON LEWIS, P.C.
CitySpace
611 Commerce Street
Suite 2803
Nashville, TN 37203
615-483-5702
Jennifer.rusie@jacksonlewis.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, the foregoing was served via the Court's ECF system upon the following:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080

Michelle Owens
Agee Owens Law
2911 Elm Hill Pike
Nashville, TN 37214

/s/ Jennifer S. Rusie
Jennifer R. Rusie

4861-6438-6420, v. 1